IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMURAI GLOBAL, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-2774 |
| | § | |
| ROCKFORD KYLE BROTHERS | § | |
| AND LANDMARK AMERICAN | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are the following motions: (1) Plaintiff Samurai Global, LLC's ("Samurai") Motion to Remand, (ECF No. 9); and (2) Defendant Rockford Brothers' ("Brothers") Motion to Dismiss. (ECF No. 3). Defendant Landmark Insurance Company ("Landmark") will be referred to collectively with Brothers as "Defendants." For the reasons discussed below, the Court hereby (1) **DENIES** Plaintiff's Motion to Remand and (2) **DENIES AS MOOT** Defendant Brothers' Motion to Dismiss. Additionally, the Court **DENIES** Defendant Brothers' Motion for Leave to File Sur-Reply (ECF No. 16).

### I. BACKGROUND

This removal proceeding involves a dispute about insurance coverage for alleged damage sustained to real property. Samurai's First Amended Petition states:

> The covered property is located at 9873 Brockbank Road, Dallas, Texas 75220 (the "Property"). At the time of the loss, the Property consisted of six buildings totaling forty-two individual units. This property is covered by a policy of insurance, numbered LHD910163 ("the Policy"). The Policy covered the Property against loss due to vandalism, fire, and theft, among other things. The Property was significantly damaged by a vandalism, theft, and fire during the policy period. Plaintiff informed Defendants, and Defendants knew that significant damage occurred. The investigation of the loss was assigned to Engle Martin & Associates

("Engle Martin") to adjust the loss. **Specifically, the loss was assigned to Brothers.** Plaintiff has complied with all requests for information made by Defendants and has fully cooperated in Defendants' investigation of the claim, to the extent it occurred. **Plaintiff informed Defendants of the significance of the damage and the cost to repair the damage, yet Defendants failed to fairly and fully investigate the extent of the covered damage.** The damage was actually known to Defendants and could have been investigated, but **Defendants refused to investigate the covered damage. Defendants misrepresented to Plaintiff that it needed to "file a claim", although no such requirement exists within the policy. Under the policy at issue, the only obligation of Plaintiff was to notify the insurer of the loss.** As Defendant Brothers was at all times the agent of the insurer, Plaintiff satisfied this obligation under the policy by reporting the loss to Brothers. Defendants' failure to timely investigate the loss and failure to timely determine that the covered damage to the buildings required the complete demolition of the buildings caused Plaintiff to expend significant resources to unnecessarily mitigate further damage reducing the amount of funds available for Plaintiff to spend on actually rebuilding the buildings.

(ECF No. 1-12 at 4-5) (emphasis added in bold). Samurai pled claims for declaratory judgment, breach of contract, and violation(s) of Texas Insurance Code chapter 541 against Landmark. (ECF No. 1-12 at 5-7). Samurai pled claims for violation(s) of Texas Insurance Code chapter 541 against Brothers. (ECF No. 1-12 at 7-8). Samurai has filed no federal pleading and proceeds on its state-court amended petition.

On December 20, 2022, Brothers moved to dismiss all claims Samurai asserted against it for failure to state a claim upon which relief can be granted. (ECF Nos. 3-5). Samurai responded to Brothers's Motion to Dismiss, (ECF No. 8), and further moved to remand this proceeding, (ECF No. 9). Brothers responded to Samurai's Motion to Remand, (ECF No. 13). The Parties have each filed corresponding replies. (ECF Nos. 12, 15). Having been fully briefed, the Parties' respective Motion to Dismiss and Motion to Remand are ripe for adjudication.

## II.  LEGAL STANDARDS

### A.  Removal Jurisdiction

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in state court of

which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, "[b]ecause removal raises significant federalism concerns, the removal statute must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted); *see also Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-109 (1941). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see Gutierrez*, 543 F.3d at 251.

A defendant may remove a case to federal court based on diversity jurisdiction. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity whereby "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Thus, when a suit is removed based on diversity jurisdiction, this Court can exercise jurisdiction after removal only if three requirements are met: (1) the parties are of completely diverse citizenship; (2) the case involves an amount in controversy greater than $75,000; and (3) none of the properly joined defendants is a citizen of the state in which the case is brought. *See* 28 U.S.C. §§ 1332(a), 1441(b).

**B.    Improper Joinder**

Even if a defendant has the same citizenship as the plaintiff, a federal court may exercise removal jurisdiction if the plaintiff has improperly joined the non-diverse defendant. *See Campbell v. Stone Ins. Inc.* 509 F.3d 665, 669 (5th Cir. 2007); *Crain v. Bankers Standard Ins. Co.*, No. 4:23-CV-00710-O, 2023 WL 5333238, at *1 (N.D. Tex. Aug. 18, 2023) ("To remove a case to federal

court based on diversity jurisdiction, a defendant must show that all non-diverse parties are improperly joined.").

"The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one." *Campbell*, 509 F.3d at 669 (internal quotation marks and citations omitted). There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdiction facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In the instant case, only the latter method of proving improper joinder is at issue. A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

To assess whether a plaintiff can establish a cause of action against a non-diverse party in state court, the Court conducts a Rule 12(b)(6)-type analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 818 F.3d 193, 208 (5th Cir. 2016). The analysis utilizes the federal pleading standards incorporated in *Bell Atl. Corp. v. Twombly*. 550 U.S. 544, 570 (2007) (requiring plaintiffs to plead enough facts "to state a claim to relief that is plausible on its face"). To survive this analysis, plaintiffs must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

C.  **Motion to Dismiss**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a Rule 12(b)(6) motion to dismiss for

"failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the courts to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

In considering a Rule 12(b)(6) motion to dismiss, "the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 725 (5th Cir. 2019). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted.)

### III. ANALYSIS

The Court concludes that Samurai improperly joined Brothers because Samurai has not established a cause of action against Brothers. Complete diversity exists between Samurai and the properly joined Defendant, Landmark. Thus, the Court concludes that it has subject-matter jurisdiction in this case and denies Samurai's Motion to Remand. Additionally, because Brothers was improperly joined, the Court lacks subject-matter jurisdiction over Brothers and thus denies as moot Brothers' Motion to Dismiss.

**A.    Samurai Improperly Joined Brothers, and Thus Complete Diversity Exists.**

The Court first address the Motion to Remand. (ECF No. 9). The Parties dispute whether Brothers was improperly joined to defeat removal or otherwise prevent federal subject-matter

jurisdiction. Brothers alleges that it was improperly joined on two grounds. First, Brothers contends it became improperly joined when "Landmark accepted whatever liability Brothers might have to Plaintiff for Brothers' acts or omissions related to this claim under Texas Insurance Code 542A.006(c)." (ECF No. 1 at 4). Defendant Landmark provided written notice of such election. (ECF No. 1-15). Further, Brothers argues it was improperly joined because Samurai fails to state a claim against Brothers on which relief can be granted. (ECF No. 1 at 4). Samurai responds that joinder of Brothers was proper, as (i) chapter 542A of the Texas Insurance Code is inapplicable to this case, and (ii) Samurai's claims against Brothers are sufficient to satisfy the pleading requirements of the Federal Rules of Civil Procedure. (ECF No. 9 at 4).[1]

As to Brothers, Samurai alleges only violations of the Texas Insurance Code in Plaintiff's First Amended Petition (the "Amended Petition")—specifically referring to Texas Insurance Code § 541.060. (ECF No. 1-12). Texas Insurance Code § 541.060 regards "Unfair Settlement Practices" and states:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
>
> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
>
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>
> (A) a claim with respect to which the insurer's liability has become reasonably clear; or
>
> (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the

---

[1] The Fifth Circuit has confirmed that there is no possibility of recovery against an adjuster when the insurance carrier accepts liability under chapter 542A of the Texas Insurance Code before the case is removed. *See Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 474 (5th Cir. 2022). However, the Court pretermits further discussion of chapter 542A of the Texas Insurance Code as briefed in Samurai's Motion to Remand as Samurai's failure to plead sufficient facts to state a facially plausible claim against Brothers removes the necessity of such discussion.

>>claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;
>
>(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
>
>(4) failing within a reasonable time to:
>
>>(A) affirm or deny coverage of a claim to a policyholder; or
>>
>>(B) submit a reservation of rights to a policyholder;
>
>(5) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;
>
>(6) undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim;
>
>(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;
>
>(8) with respect to a Texas personal automobile insurance policy, delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy all or part of the loss forming the basis of that claim; or
>
>(9) requiring a claimant as a condition of settling a claim to produce the claimant's federal income tax returns for examination or investigation by the person unless:
>
>>(A) a court orders the claimant to produce those tax returns;
>>
>>(B) the claim involves a fire loss; or
>>
>>(C) the claim involves lost profits or income.
>
>(b) Subsection (a) does not provide a cause of action to a third party asserting one or more claims against an insured covered under a liability insurance policy.

Tex. Ins. Code Ann. § 541.060.

Here, the Amended Petition alleges Brothers violated Texas Insurance Code § 541.060 "by, among other things:" (1) "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim"; and (2) "refusing to pay Plaintiff's claim without conducting a reasonable investigation." (ECF No. 1-12 at 7-8).

Samurai's assertions of Brothers' alleged violations of the Texas Insurance Code consist merely of the following language:

> Specifically, Brothers failed to conduct a reasonable investigation. Instead of evaluating the damage objectively, Brothers ignored the damage, failed to investigate the damage and misrepresented that Plaintiff was required to take actions that the insurance policy did not require Plaintiff to perform as a condition to coverage. At all times during the course of Brothers' investigation it was reasonably clear that the damage to Plaintiff's property was covered. Plaintiff notified Brothers and specifically pointed out the damage to Brothers in person. Despite being actually aware of the covered damage, Brothers failed to investigate, scope or estimate the covered damage. The investigation performed by Brothers was unreasonable because he overlooked the damage that would have been obvious to a competent adjuster and/or failed to recommend coverage to Plaintiff's insurer. Either way, the investigation by Brothers was unreasonable.

(ECF No. 1-12 at 7).

Samurai's allegations are wholly conclusory, unsupported by factual content, and thus insufficient. *See Iqbal*, 554 U.S. at 678 (The Court will not accept as true "legal conclusions couched as factual allegations."). The Amended Petition fails to allege facts sufficient to allow the Court to draw a reasonable inference that Brothers is liable on such claims. *Mary v. Allstate Texas Lloyd's*, No. 3:16-CV-3383-L, 2017 WL 7735066, at *7 (N.D. Tex. Oct. 5, 2017) ("In determining whether [plaintiff] has stated a plausible claim to relief against [defendant] so that his joinder is not improper, the undersigned focuses on just one remaining issue: whether [plaintiff] has alleged sufficient facts to support" any of plaintiff's claims against defendant.).

Considering the Amended Petition in the light most favorable to Samurai, the Court must conclude Samurai's factual allegations, as pled, are wholly insufficient to establish a claim against

Brothers.[2] *See Walker*, 938 F.3d at 725.

The Court concludes that Brothers was improperly joined as a party to this lawsuit. *See Twombly*, 550 U.S. at 570. Disregarding Brothers' citizenship results in complete diversity between Samurai and the only remaining Defendant, Landmark, (*See* ECF No. 1-7). Therefore, the Court concludes Defendant Landmark has met its burden to show diversity jurisdiction and that this Court has subject-matter jurisdiction. Consequently, the Court DENIES Samurai's Motion to Remand.

**B.     The Court Does Not have Subject-Matter Jurisdiction over Brothers' Motion to Dismiss.**

"[T]he only ground for dismissing any improperly joined, nondiverse party is lack of subject-matter jurisdiction." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 210. "Unlike the typical dismissal under Rule 12(b)(6), for instance, which 'operates as an adjudication on the merits,' a dismissal for lack of jurisdiction under Rule 12(b)(1), for instance, does not." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 210. "The dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal without prejudice in every instance." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 210. As Brothers has been dismissed for improper joinder, Samurai's claims against Brothers are consequently dismissed without prejudice. *See Int'l Energy*, 818 F.3d at 210. The Court does not have jurisdiction to rule on Brothers' Motion to Dismiss, and thus Brothers' Motion to Dismiss is denied as moot. *See Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 210 (instructing that a similar motion to dismiss from an improperly joined, nondiverse party should have been denied as moot, after the district court determined and

---

[2] The Court can only consider Plaintiff's Amended Petition when conducting the Rule 12(b)(6)-type analysis to determine improper joinder; thus, contentions asserted in Plaintiff's Motion to Remand (ECF No. 9) and Plaintiff's Reply on Motion to Remand (ECF No. 15) cannot be considered. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387.

dismissed the improperly joined, nondiverse party).

## IV. Conclusion

For the reasons stated herein, Samurai's Motion for Remand is **DENIED**. (ECF No. 9). Because the Court concludes Samurai failed to state a claim against Brothers, and thus, Brothers was improperly joined to this action, this court does not have subject-matter jurisdiction over Brothers, and all claims against Brothers are hereby **dismissed without prejudice**. Therefore, Defendant Brothers' Motion to Dismiss is **DENIED AS MOOT**. (ECF No. 3). Furthermore, the Court **DENIES** Defendant Brothers' Motion for Leave to File Sur-Reply. (ECF No. 16).

**SO ORDERED:** September 22, 2023.

Ada E. Brown
UNITED STATES DISTRICT JUDGE